UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY HAMILTON,

    Petitioner,                                              Case Number 09-12790-BC
                                                                Honorable Thomas L. Ludington

v.

DEBRA SCUTT,

    Respondent.
_____/

## OPINION AND ORDER DENYING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Gregory Hamilton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 15, 2009. He is currently serving a thirty to forty-seven year sentence at the Kinross Correctional Facility in Chippewa County, Michigan. In April 2004, Petitioner pleaded either guilty or no contest in the Wayne County Circuit Court to three counts of armed robbery, one count of assault with intent to do great bodily harm less than murder, two counts of felon in possession of a firearm, and two counts of possession of a firearm in the commission of a felony ("felony-firearm").

Petitioner was sentenced to concurrent terms of twenty eight to forty five years in prison on the armed robbery convictions, six to ten years on the assault with intent to do great bodily harm less than murder conviction, one to five years in prison on the felon in possession of a firearm conviction, and received a consecutive two year prison sentence on the felony-firearm conviction. Petitioner alleges that the trial court erred in refusing to permit him to withdraw his pleas based on his assertion of actual innocence, and that he was deprived of the right to the effective assistance of appellate and trial counsel.

Respondent Debra Scutt filed a motion to dismiss on January 15, 2010, contending that the

petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion to dismiss.

The petition was filed after the statute of limitations had run, and the late filing cannot be saved by the doctrine of equitable tolling. Accordingly, the petition will be dismissed.

I

On April 21, 2004, in the middle of a trial, Petitioner changed his plea to guilty on two counts of armed robbery, one count of felon in possession of a firearm, and one count of felony firearm and the trial was stopped. Prosecutors also agreed to reduce a charge of assault with intent to commit murder to assault with intent to do great bodily harm, and Petitioner entered a guilty plea to that charge as well. Finally, Petitioner entered a no contest plea to additional counts of armed robbery, felon in possession of a firearm, and felony-firearm for conduct that occurred on a different occasion. The no contest pleas were entered with the understanding that Petitioner's sentences could be served concurrently. On May 11, 2004, Petitioner was sentenced to serve thirty to forty-seven years in prison.

On August 17, 2005, Petitioner's delayed application for leave to appeal was denied by the Michigan Court of Appeals. *People v. Hamilton*, No. 262337 (Mich.Ct.App. August 17, 2005). On December 27, 2005, the Michigan Supreme Court also denied Petitioner leave to appeal. *People v. Hamilton*, 474 Mich. 982, 707 N.W.2d 198 (2005).

On August 29, 2006, Petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to Michigan Court Rule 6.500. The trial court denied Petitioner's motion for relief from judgment. *People v. Hamilton,* No. 04-000264-01 (Wayne County Circuit Court, December 6, 2006). The Michigan Court of Appeals denied Petitioner leave to appeal on July 3,

2008. *People v. Hamilton,* No. 282291 (Mich.Ct.App. July 3, 2008). Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. [1]

Petitioner filed the current habeas petition on July 1, 2009. [2]

II

Respondent filed a motion to dismiss the petition for writ of habeas corpus, contending that the statute of limitations has run. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996, and provides a one-year statute of limitations for prisoners challenging state-court judgments on federal habeas review. *See Cooey v. Strickland*, 479 F.3d 412, 420–21 (6th Cir. 2007). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F. 3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds by*, *Abela v. Martin*, 348 F. 3d 164, 172-73 (6th Cir.2003)

In this case, the Michigan Supreme Court denied leave to appeal on December 27, 2005.

---

[1] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, October 15, 2009 [Dkt. # 7].

[2] Under the prison mailbox rule, it is assumed that Petitioner filed his current habeas petition on July 1, 2009, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).

Petitioner then had ninety days in which to seek a writ of certiorari from the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. Therefore, his conviction became final on March 27, 2006. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007)(noting that the time for seeking direct review of a state court conviction includes the time for seeking a writ of certiorari with the United States Supreme Court). Accordingly, Petitioner was required to file his federal habeas petition on or before March 27, 2007, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on August 29, 2006, after one hundred and fifty five days had already elapsed on the one year statute of limitations. The time during which his properly filed application for state post-conviction relief was pending is not be counted towards the period of limitations contained in the statute. 28 U.S.C. § 2244(d)(2); *see Corbin v. Straub*, 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford*, 536 U.S. 214, 220 (2002).

However, although the time during which a properly filed application for collateral review is pending in the state courts is excluded from the one year limitations period, the limitations period is not reset upon the conclusion of state collateral review. *See Neal v. Bock,* 137 F. Supp. 2d at 884. Section 2244(d)(2)'s tolling provision cannot "revive" the limitations period but can only "pause a clock that has not fully run." *See Vroman,* 346 F. 3d at 602(internal quotation omitted). Thus, although the filing of Petitioner's motion for relief from judgment may have tolled the running of the one-year statute, it would not cause the statute to begin running anew when the state court denied

the motion. *See Searcy v. Carter,* 246 F. 3d 515, 519 (6th Cir. 2001).

The Michigan Court of Appeals denied Petitioner's post-conviction appeal on July 3, 2008. Petitioner did not file an application for leave to appeal the denial of his post-conviction motion with the Michigan Supreme Court. Under Michigan Court Rule 7.302(C)(3), Petitioner would have had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Tolling of the one year limitations period therefore would have ended pursuant to § 2244(d)(2) on August 28, 2008, the last day on which Petitioner could have filed a delayed application for leave to appeal with the Michigan Supreme Court. *See McMurray v. Scutt,* 136 F. App'x 815, 817 (6th Cir. 2005). Petitioner would have had two hundred and ten days from August 28, 2008, or until March 26, 2009, to file his petition with his Court. Because his petition was not filed until July 1, 2009, the petition is untimely.

Petitioner does not deny that his habeas petition is untimely but contends that there are a number of factors that support the equitable tolling of the limitations period in this case. "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F. 3d 396, 401 (6th Cir.2004). In order to be entitled to equitable tolling, a habeas petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. at 335 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2006)).

In the Sixth Circuit, five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

>(1) the petitioner's lack of notice of the filing requirement;
>(2) the petitioner's lack of constructive knowledge of the filing requirement;
>(3) diligence in pursuing one's rights;
>(4) absence of prejudice to the respondent; and,
>(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States,* 250 F. 3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly . . . . Absent a satisfactory explanation for his failure to timely file his habeas petition," Petitioner is not entitled to equitable tolling of the limitations period. *Dunlap,* 250 F. 3d at 1008–10. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *See Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner first indicates that he does not know how the law works and that he had to receive help and legal assistance from an inmate paralegal with the preparation and filing of his state post-conviction motion in the trial court and the Michigan Court of Appeals. Petitioner claims that this inmate was thereafter placed in administrative segregation, which terminated his legal assistance. Petitioner claims that he did not know that he had to file an appeal with the Michigan Supreme Court following the denial of his post-conviction appeal by the Michigan Court of Appeals, but instead thought that "everything was completed and all I had to do was file my writ of habeas corpus with this court, which I (sic) done."

An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002). Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002)(citations omitted).

Moreover, Petitioner is not entitled to equitable tolling because he entrusted a fellow inmate to prepare his state post-conviction motion for him, but the fellow inmate was unable to prepare an application for leave to appeal with the Michigan Supreme Court for Petitioner after this inmate was placed in segregation. The circumstances were not beyond Petitioner's control. *See Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010) (noting a state inmate was not entitled to equitable tolling of limitations period for filing federal habeas corpus petition based on inmate's reliance on helpers who were transferred or too busy to attend to his petitions); *see also Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002) (holding that petitioner's claim that he was nearly blind and must rely on other inmates in order to access the court did not justify equitable tolling, as it does not establish that petitioner lacked knowledge of the filing requirement, that he was diligent in pursuing his rights, or that the respondent would not be prejudiced by the delay in the filing of the petition); *United States v. Cicero*, 214 F. 3d 199, 204-05 (D.C. Cir. 2000) (federal inmate was not entitled to equitable tolling on the ground that prisoner gave his legal papers to "jailhouse lawyer" whose placement in segregation resulted in separation of prisoner from his papers, as prisoner entrusted his papers to another at his own peril); *Henderson v. Johnson,* 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998) (habeas petitioner's allegations that a fellow inmate agreed to file his petition for him and fraudulently represented that he had done so did not justify equitable tolling).

"[I]t is common for prisoners to count on other inmates for assistance in filing lawsuits or seeking habeas relief." *Id.* "[I]nmates who assist other prisoners with legal matters are not subject to the ethical and fiduciary obligations of lawyers. If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless." *Id.*

In any event, Petitioner's lack of knowledge about his need to file a post-conviction application for leave to appeal with the Michigan Supreme Court following the denial of his post-conviction appeal by the Michigan Court of Appeals would not toll the limitations period, because Petitioner does not explain why he waited almost one year from the denial of his post-conviction appeal by the Michigan Court of Appeals to file his petition with this Court. Indeed, Petitioner contends that he believed his next step was to file his habeas petition with this Court after the Michigan Court of Appeals rejected his appeal. Because Petitioner did not show due diligence in filing his petition with this Court after he believed that his post-conviction proceedings had concluded with the denial of his post-conviction appeal by the Michigan Court of Appeals, the fact that Petitioner's jailhouse paralegal either did not file an application for leave to appeal with the Michigan Supreme Court or advise Petitioner of his need to do so would not toll the limitations period. *See e.g.*, *Vroman*, 346 F. 3d at 605 (noting that petitioner was not entitled to equitable tolling where petitioner did not diligently pursue filing of federal habeas petition within limitations period after his state petition was rejected as untimely); *see also Boyd v. Robinson*, 61 F. App'x 928, 930 (6th Cir. 2003)(one-year period for filing federal habeas corpus petition would not be equitably tolled on ground that petitioner's attorney failed to perfect and file state post-conviction motion on his behalf, where petitioner made no showing that he exercised diligence in pursuing his federal petition).

Petitioner next argues that the statute of limitations should be equitably tolled because he was denied the effective assistance of trial counsel. Ineffective assistance of counsel does not generally warrant the equitable tolling of the AEDPA's limitations period. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002); *Brown v. Oklahoma,* 291 F. App'x 907, 909 (10th Cir. 2008). A habeas petitioner

is not entitled to equitable tolling of the AEDPA's limitations period on the basis of an allegation of ineffective assistance of counsel, where these allegations have no bearing on the untimely filing of a habeas petition. *See McLester v. Hopper*, 67 F. Supp. 2d 1308, 1310-1311 (M.D. Ala. 1999). Because Petitioner does not allege that trial counsel's performance created obstacles to the timely filing of the petition in this case, he is not entitled to equitable tolling on this basis. *See Celaj v. Artuz*, 49 F. App'x 331, 334 (2d Cir. 2002).

Petitioner next claims that the limitations period should be tolled because the state has failed to provide him with a copy of his "mid-way trial transcripts" which Petitioner claims contains information that would support his claim that he is actually innocent and that counsel was ineffective.

A habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings and would not equitably toll the limitations period for filing a petition for writ of habeas corpus. *See Jihad v. Hvass*, 267 F. 3d 803, 806 (8th Cir. 2001); *Gassler v. Bruton*, 255 F. 3d 492, 495 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002).

It is also noteworthy that Petitioner was able to file his post-conviction motion for relief from judgment and the petition for writ of habeas corpus in this case without first obtaining transcripts and other documents. Petitioner is thus unable to show that the unavailability of transcripts or other documents impeded his ability to timely file either his state post-conviction motion or his petition for writ of habeas corpus. *Grayson*, 185 F. Supp. 2d at 752. Moreover, because Petitioner was present during all of the trial proceedings, these arguments should have been apparent to Petitioner without the transcripts. *See Lloyd v. Van Natta*, 296 F. 3d 630, 633-634 (7th Cir. 2002) (emphasizing

that unavailability of complete trial transcript did not warrant equitable tolling of the limitations period for filing a habeas petition which alleged prosecutorial misconduct in the closing argument, where the petitioner was at the trial and knew the basis on which he could have asserted prosecutorial misconduct); *see also Green v. Hornbreak*, 312 F. App'x 915, 916 (9th Cir. 2009); *cert. den.* 130 S.Ct. 207 (2009) (noting that petitioner did not adequately demonstrate that transcripts and police reports that she was missing were necessary to her federal habeas petition such that their absence was extraordinary circumstance that prevented her from making timely filing).

Petitioner also claims that the limitations period should be tolled because he has newly discovered evidence which proves his actual innocence. The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter*, 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner first contends that one of the victims in this case, Jason Massey, was initially arrested for this crime by responding officers, but it was later determined that he was one of the victims. Petitioner has also attached a witness list, which purportedly lists other suspects to this crime.

None of this evidence satisfies the standard of demonstrating a fundamental miscarriage of justice that would warrant an actual innocence exception to the untimely filing of his habeas petition. It does not conclusively eliminate Petitioner's involvement in the crimes. *See Tate v. Pierson,* 177 F. Supp. 2d 792, 802 (N.D. Ill. 2001). The fact that the police initially arrested Jason Massey during the confusion of the crime scene does not establish that he was the actual perpetrator, particularly in light of the fact that the police subsequently determined that he was one of the victims and not a suspect to the crime.

As for the witness list, which Petitioner has attached to his response as Exhibit # 2, it is suspicious on its face. The list purports to come from the Detroit Recorder's Court and lists a former Recorder's Court Clerk, George L. Gish, it its heading. The Michigan Legislature abolished the Detroit Recorder's Court in 1996, prior to Petitioner's case, and merged its functions with the Wayne County Circuit Court. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 769 n.1 (E.D. Mich. 2003). The purported witness list also does not have a circuit court case number on it or a date. The defendant named in the heading, Jacobean Jackson, was convicted in the Wayne County Circuit Court in 2008 for receiving and concealing stolen property and was placed on probation. Nothing in the Michigan Offender Tracking Information system indicates that Mr. Jackson was involved in the offenses at issue in this case. The Court also searched the Michigan Court of Appeals' website and Westlaw online at www.westlaw.com and there are no appeals for Mr. Jackson regarding this

or any other case.[3] Because this evidence is not compelling evidence of Petitioner's actual innocence, it does not satisfy the actual innocence standard so as to toll the limitations period. *See Willis v. Jones*, 329 F. App'x 7, 18 (6th Cir. 2009).

Petitioner next claims that evidence from his trial would establish his actual innocence. Notably, the respondent did not provide that portion of the transcript from his trial. Nonetheless, any evidence from Petitioner's trial would be insufficient to satisfy the actual innocence standard. First, any evidence from Petitioner's trial would not qualify as "new evidence" in light of the fact that Petitioner was present at the trial. *See e.g.*, *Connolly v. Howes*, 304 F. App'x 412, 418 (6th Cir. 2008). More importantly, a petitioner cannot establish his actual innocence "merely by rehashing his innocence claims raised in the state courts" and relying on the evidence that was presented at trial. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 808 (E.D. Mich. 2002).

In support of his actual innocence claim, Petitioner also points to the fact that the Detroit Police Department Crime Laboratory, which tested the firearm used in the armed robbery and assault in this case, was closed in 2008 by the Wayne County Prosecutor because of the number of compromised and erroneous examinations and tests that had been performed at this laboratory. Petitioner alleges that the test examination performed in this case establishes his innocence. Although the arresting investigation complaint, which Petitioner attaches to his response as Exhibit 3a, states that the victim was injured by an AK-47 assault rifle, the laboratory performed an examination on a Norinco Model Mack-90 Blue Steel Semiautomatic Rifle. *See* Petitioner's Exhibit

---

[3] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003); *see also Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 (E.D. Mich. 2004) (taking judicial notice of Michigan online offender information).

3b.

Any conflicting evidence concerning the make and the caliber of the rifle used in the assault and robbery in this case would be insufficient to establish Petitioner's actual innocence because a jury could have still concluded that Petitioner committed these crimes. For example, victims and the police at the crime scene could have been mistaken about the make and the caliber of the weapon. *See Weaver v. Att'y Gen. of Montana*, 597 F.Supp.2d 1126, 1131 (D. Mont. 2008).

Finally, Petitioner has attached to his response the notice of alibi witnesses that was filed by his trial counsel at the time of trial. It is unclear whether Petitioner is offering this as evidence of his actual innocence or evidence of his attorney's inferior performance. However, Petitioner would be unable to use these purported alibi witnesses to support his claim of actual innocence, because he has offered no affidavits from these witnesses which would establish what their proposed testimony would be and whether they would be willing to testify on his behalf. *See, e.g.*, *Townsend v. Lafler*, 99 F. App'x 606, 610 (6th Cir. 2004).

More importantly, however, it appears that Petitioner's trial counsel subpoenaed these witnesses to attend the trial, and most of the proposed witnesses are Petitioner's family members. Three of these witnesses appeared at trial and were transported to the First Precinct of the Detroit Police Department to be interviewed by the police. After they were interviewed, the prosecutor informed defense counsel that he would be calling the witnesses as prosecution witnesses because they implicated Petitioner in the crimes, rather than exulpated him. At that juncture, Petitioner agreed to plead to the alleged crimes. Plea Tr., pp. 4-5. Moreover, although Petitioner entered a plea of no contest to some of the charges, he provided a factual basis on the record, explaining that he went to the crime location in Detroit on November 26, 2003 while armed with a rifle and robbed

two persons at gunpoint. Petitioner also admitted to shooting D'Juan Barber. The only thing that Petitioner contested was his intent to kill Barber. At that point, the prosecutor agreed to reduce an assault with intent to murder charge to an assault with intent to do great bodily harm charge. Petitioner then entered his plea, admitting that he shot at the victim with the intent to do great bodily harm. (*Id.* At pp. 14-19, 22). Any actual innocence exception to AEDPA's statute of limitations is inapplicable where Petitioner essentially pleaded guilty to all the charges that he challenges in this Petition. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his no contest plea. *See Connolly*, 304 F. App'x at 419.

III

Having concluded Petitioner is not entitled to habeas relief, it is appropriate to consider granting a certificate of appealability. 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and

the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

Reasonable jurists would not find it debatable that Petitioner filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson*, 185 F. Supp. 2d at 753. Accordingly, a certificate of appealability will be denied. Leave to appeal in forma pauperis will also be denied because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

IV

Accordingly, it is **ORDERED** that respondent's motion to dismiss [Dkt. # 4] is **GRANTED** and the petition for a writ of habeas corpus [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificated of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 3, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---